```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMALUD-DIN ALMAHDI,         :
                             :
     Petitioner              :
                             :   CIVIL NO. 1:CV-05-1957
     vs.                     :
                             :   (Judge Caldwell)
WARDEN TROY WILLIAMSON,      :
                             :
     Respondent              :
```

*M E M O R A N D U M*

*I.   Introduction*.

Jamalud-din Almahdi, who is presently confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee. Petitioner challenges the United States Parole Commission's ("Commission") June 8, 2005, decision not to award him a reduction of his presumptive parole date based on his superior programming achievements, claiming the decision was arbitrary and capricious.

For the reasons that follow, Almahdi's petition for writ of habeas corpus will be denied.

*II.     Background.*

In 1986 Petitioner was sentenced by the United States District Court for the Eastern District of New York to twenty-four years' imprisonment following his conviction for credit-card fraud.  He was released on parole in 1994, to remain under parole supervision until 2010.  His parole was revoked in March 2000 after he was indicted on new charges related to the manufacture and use of fraudulent credit cards.  The Commission then recalculated Almahdi's presumptive parole date to be March 29, 2007.  The National Appeals Board affirmed the decision.  (Doc. 8-2, Exhibits in Support of Response to the Petition for Writ of Habeas Corpus, Exhibit 1 -4).

The Commission held an interim parole hearing on June 8, 2005, and determined there would be "no change in [his] presumptive parole date March 29, 2007."  (*Id.*, Exhibit 6, Notice of Action).  At the hearing Almadhi "asked the Commission to consider his numerous and extensive educational programming." (*Id.*, Exhibit 5, Hearing Summary).  In the area of "Program Achievement" the Commission noted that:

> Subject works the p.m. late night shift, as a
> Unit Orderly.  The rest of the time, he
> sleeps during the day and in early evening
> attends Adult Continuing Education
> (hereinafter referred to as ACE) Courses.  He
> is taking 3 college credit courses, but left
> those courses approximately a year ago in
> order to complete an extensive Computer

-2-

> Vocational Training Program.  Subject completed 120 hours and just recently graduated from the program.
>
> In addition to the computer classes, subject is waiting for reenrolement (sic) in the College Classes next month and just entered into a Finance Class last night, which will be approximately 20 hours.

(*Id*.)  "The Examiner [found] no reason to modify the Commisson's previous decision in this case, a decision at the top of the guidelines, noting that subject was involved in Fraud while on parole for Fraud.  Further, the Examiner does not believe subject's programming, although positive, warrants Superior Program Achievement consideration."  (*Id*.)

The National Appeals Board affirmed the Commission's decision noting that Almahdi's "institutional behavior and achievements have been considered by the Commission, but are not deemed sufficient to warrant a more lenient decision."  (Doc. 8-2, Exhibit 7, Notice of Action on Appeal).

*III.   Standard of Review*.

"A federal court's review of a decision by the Commission is limited to an inquiry whether a rational basis exists in the record for conclusions drawn in the Commission's statement of reasons for denial of parole."  *Morgan v. Lamanna*, 150 Fed. Appx. 145, 148 (3d Cir. 2005)(non precedential)(*citing*

-3-

*Furnari v. Warden*, 218 F.3d 250, 254 (3d Cir.2000)).  In addition, "[t]he role of judicial review of a Parole Board decision on application for a writ of habeas corpus is to insure that the Board has followed criteria appropriate, rational and consistent with the statute and that its decision is not arbitrary and capricious, nor based on impermissible considerations."  *Zannino v. Arnold*, 531 F.2d 687, 690 (3d Cir. 1976).

*IV.     Discussion*.

Almahdi complains that a rational basis does not exist in the record for the Commission's conclusion not to grant him a superior program achievement award which would advance his release date.  The relevant regulation provides, in part, that "[p]risoners who demonstrate superior program achievement (in addition to a good conduct record) *may* be considered for a limited advancement of the presumptive date."  *See* 28 C.F.R. § 2.60(a), Superior Program Achievement (emphasis added). Petitioner argues that he "has met these criteria and standards for consideration of a superior program achievement award." (Doc. 1, Petition).  Almahdi claims that "there is no evidence of the Commission exercising its discretionary authority" when

denying him a superior program achievement reward. (Doc. 9, Petitioner's Traverse). We find to the contrary.

The record before the Court clearly demonstrates that the Commission considered Almahdi's institutional programming participation and institutional conduct when reaching its decision not to advance his presumptive parole date by an award of a superior program achievement. The Hearing Summary indicates that Almahdi specifically "asked the Commission to consider his numerous and extensive educational programming" achievements, which it did. The Commission's Hearing Summary recites Petitioner's work, educational and vocational training. (Doc. 8-2, Exhibits in Support of Response to the Petition for Writ of Habeas Corpus, Exhibit 5, Hearing Summary). In its "Evaluation," the Commission articulated that he/she found "no reason to modify the Commission's previous decision in this case, a decision at the top of the guidelines, noting that the subject was involved in Fraud while on parole for Fraud. Further, the Examiner does not believe subject's programming, although positive, warrants Superior Program Achievement consideration." (*Id*.) The National Appeals Board confirmed in that the Commission looked at Almahdi's "institutional behavior and achievements" but they were "not deemed sufficient to warrant a more lenient decision." Clearly, the record supports a finding that the Commission

considered Petitioner's program participation but found it not to merit an advancement of his presumptive parole date when weighed against other factors as reflected in the Hearing Summary, including his violating behavior of committing fraud while on parole for fraud.  Because of the discretionary rather than mandatory language of the regulation, courts have held that the advancement of a convict's presumptive parole date is not required even where the prisoner has shown superior program achievement.  *See United States v. Friedland*, 879 F.Supp. 420, 428 (D.N.J. 1995); *Kele v. Carlson,* 877 F.2d 775, 776 (9th Cir. 1989); *Otsuki v. U.S. Parole Commission*, 777 F.2d 585, 587 (10th Cir. 1985)(§ 2.60(a) plainly states advancement of release date not mandatory "even if superior program achievement has been shown"); *Briggs v. United States Parole Commission*, 611 F.Supp. 306, 308 (N.D. Ill. 1984).

     Petitioner has not demonstrated that the Commission's actions were unreasonable or unsupported by the record.  We thus reject Almahdi's contention that the Commission failed to exercised its discretion pursuant to 28 C.F.R. 2.60, or exercised it in an arbitrary and capricious manner when electing not to award him superior program achievement credit.

An appropriate order follows.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 7, 2006

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMALUD-DIN ALMAHDI,            :
                                :
     Petitioner                 :
                                :   CIVIL NO. 1:CV-05-1957
     vs.                        :
                                :   (Judge Caldwell)
WARDEN TROY WILLIAMSON,         :
                                :
     Respondent                 :
```

*O R D E R*

AND NOW, this 7th day of August, 2006, it is ORDERED that:

    1. The petition for writ of habeas corpus (doc. 1) is denied.

    2. Petitioner's Motion to Expedite (doc. 10) is denied.

    3. The Clerk of Court shall close this file.

                                           /s/William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge